IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. LOVE,

    Plaintiff,

V.                      No. 11-2139-SAC

KANSAS CITY, KANSAS
POLICE DEPARTMENT,

    Defendant.

MEMORANDUM AND ORDER

    This case comes before the court on the plaintiff's response to the magistrate judge's notice and order to show cause by April 7, 2011, "why this action should not be dismissed for failure to state a claim upon which relief can be granted." (Dk. 5). The plaintiff has filed *pro se* a complaint for the violation of his civil rights under 28 U.S.C. § 1343 alleging he is a "crime watch captain" and the victim of "racial profiling." (Dk. 1, p. 3). The plaintiff seeks only injunctive relief "to stop racial profiling" by "mak[ing] the bad cops act like the good cops." *Id.* at 4. The plaintiff's complaint also includes the allegation that "most cops are good just a few bad ones." *Id.* at 3.

    In response to the show cause order, the plaintiff filed a single page document reiterating that his claim is for injunctive relief for the violation of his equal rights. The plaintiff's letter also explains that he drives

a vehicle which is "a little boy's dream come true." (Dk. 6). He then alleges that "[t]he Kansas City Ks Police dept at 700 Minnesota Ave. follow me like a drug dealer stopping me [and] asking where I got the money with intimidating behavior . . . ." *Id.*

A *pro se* litigant's pleadings are liberally construed and held to "a less stringent standard than those drafted by lawyers." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006) (citations omitted). This "means that if the court can reasonably read the pleadings to state a valid claim on which the plaint could prevail it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the *pro se* litigant "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citation omitted), *cert. denied*, 507 U.S. 940 (1993). The court has no responsibility to craft legal theories for the *pro se* plaintiff, and it may not supply factual allegations to support *a pro se* plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d at 1110.

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this court takes all well-pleaded factual assertions as true and regards them in a light most

favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing the facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). "Dismissal of a *pro se* complaint . . . for failure to state a claim 'is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Johnson*, 466 F.3d at 1214-15 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).

The plaintiff's complaint offers nothing but the bare allegation of racial profiling by the Kansas City, Kansas Police Department. It is not clothed by any facts or incidents. The plaintiff's responsive filing offers a few additional facts, but adding these allegations to the complaint still would not cure legal deficiencies with the complaint. While asserting he was followed and stopped by the police department and was subjected to intimidating behavior during the stop, he does not allege what constitutional right was violated in this incident and how or when the violation happened.

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff

must allege the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The Equal Protection Clause 'prohibits selective enforcement of the law based on considerations such as race.'" *Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)). "[C]laims asserting selective enforcement of a law on the basis of race are properly brought under the Equal Protection Clause, and . . . the right to equal protection may be violated even if the actions of the police are acceptable under the Fourth Amendment." *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1166 (10th Cir. 2003). A plaintiff alleging an equal protection claim of racial profiling must establish that the law enforcement officers' actions had a discriminatory effect and had a discriminating purpose as a motivating factor. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). Put another way, the plaintiff must be able to prove that he is a member of a protected class, that a motivating factor in the officers' actions toward him was the plaintiff's protected class, and that the officers treated him differently than similarly-situated individuals in an unprotected class. *See United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006); *Mendia v. City of Wellington*, 2010 WL 4513408, at *3 (D. Kan. 2010).

        The plaintiff's filings are devoid of any allegations in support of

the basic elements to his conclusory assertion of racial profiling.  *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (Complaint "must set forth the grounds of the plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action . . . [and] must allege sufficient facts to state a claim which is plausible--rather than merely conceivable--on its face.").  Moreover, the plaintiff's complaint fails to identify and allege a "municipal policy or custom the execution of which caused his injury, a requirement for claims against municipalities [*i.e.*, municipal police departments] under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)."  *Johnson*, 466 F.3d at 1215.  The Tenth Circuit has explained this requirement in these terms:

> An unconstitutional deprivation is caused by a municipal "policy" if it results from decisions of a duly constituted legislative body or an official whose acts may faily be said to be those of the municipality itself.  [*Board of County Com'rs v.*] *Brown*, 520 U.S. [397] at 403-04 [(1997)].  Similarly, "custom" has come to mean an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law.  *Id.* at 404.

*Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1177 (10th Cir. 2003).

Because "[d]ismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice," *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d

5

1357, 1359 (10th Cir. 1989), the court will allow plaintiff one opportunity to amend his complaint. In the amended complaint, the plaintiff shall address all of the pleading deficiencies discussed above. The plaintiff may amend his complaint to name the proper defendants. *Johnson*, 466 F.3d at 1215-16. Should the plaintiff fail to file an amended complaint within 20 days of the date of this order, the district court shall enter an order dismissing this action summarily for the reasons stated herein. With the plaintiff's filing of an amended complaint, the case is returned to the magistrate judge for his consideration and handling.

IT IS THEREFORE ORDERED that the plaintiff shall file an amended complaint within 20 days of the date of this order or his action shall be dismissed.

Dated this 19th day of April, 2011.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge